## WATKINS v. EUREKA SPRINGS.

STATUTES: *Extending provisions of, by reference to title.*

Section 2 of the act of February 27, 1875, for calling in the outstanding warrants of counties, cities and towns (*Mansf. Dig., secs. 1150–53*), merely adopts for cities and towns the method of procedure provided for counties in like cases, and does not thereby violate section 23, article 5, of the Constitution, which declares that "no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length." But this provision of the Constitution is violated by section 4 of the act referred to, which undertakes by a general reference to extend the positive provisions of law applicable to calling in the warrants of counties, to a like proceeding by cities and towns.

APPEAL from *Carroll* Circuit Court, Western District.
J. M. PITTMAN, Judge.

*O. W. Watkins* and *J. M. Hill* for appellant.

The act of February 27, 1875, is in conflict with section 23, article 5, Constitution 1874. It is an attempt to *extend* the provisions of sections 614–15–16 Gantt's Digest to cities and towns, without re-enacting them, but merely by referring to them.

This cannot be done. *13 Mich., 497; 41 Ala., 9; 69 id., 413; Boles v. State, 63 id., —; 28 id., 466; 59 id., 57; 27 Me., 9; 27 Vt., 256; 4 La. Ann., 296; 5 id., 94; 6 Ind., 31; 9 id., 100; 13 id., 423; 5 Neb., 353; 7 id., 409; 2 Lea (Tenn.), 622; 5 Ind., 327.*

The appellee by *A. Davis*, Mayor.

The act *directly* confers the powers on cities and towns to call in their warrants, and only refers to the former act as to

the method of procedure. Instances of this kind are common. See *Mansf. Dig., secs. 4124, 6200, 6203, 4468, 4469,* for instances.

These show that where a power is conferred, or right vested, the manner of enforcing a right may be prescribed by reference to some other statute. That is all that is done in this instance. The *power* to call in is given, and for the manner of exercising the power we are referred to another statute.

See *29 Ark., 252; 13 Mich., 497; 25 id., 298; 29 id., 125, 252; 31 id., 236.*

COCKRILL, C. J. In a suit by Watkins against Eureka Springs upon warrants issued by the city, the latter answered in effect that the remedy upon the warrants was barred, because the holder had neglected to present them for reissue in compliance with an ordinance passed by the city council for that purpose. A demurrer to the answer was overruled; judgment was rendered for the defendant, and Watkins appealed.

It is urged that the statute under which the city acted in calling in its warrants is nugatory, because, it is said, it is an attempt to extend the provisions of the act regulating the procedure of counties in the matter of calling in warrants to cities without re-enacting the provisions of that act, in contravention of the following provision of the Constitution, viz. :

"No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length."

The act of February 27, 1875, which is attacked as being inoperative, is as follows, viz.:

"SECTION 1. That once during the year 1875, and every succeeding year thereafter, the County Court of any county, or the municipal authorities of any city or incorporated town

in this State, may call in the outstanding scrip or warrants of said county, or floating evidence of indebtedness of said city or incorporated town, for the purpose of cancelling and re-issuing the same.

"Sec. 2. That the law governing such proceedings in a county shall apply with equal force to cities and incorporated towns. The Council, Recorder and Marshal shall perform the duties laid down for the County Court, the Clerk and Sheriff, respectively.

"Sec. 3. That when the scrip or warrants so called in shall be presented to the court or council, it shall be the duty of said court or council to thoroughly examine the same, and to reject all such evidences of indebtedness as in their judgment their county, city or incorporated town is not justly and legally bound to pay, subject to appeal to the Circuit Court.

"Sec. 4. That the law now in force governing in cases where counties are authorized to call in their floating indebted-ness, shall apply and govern in proceedings had by counties, cities or incorporated towns." *Mansf. Dig., secs. 1150–1153.*

There is nothing in the constitutional provision upon which to found an objection to the first and third provisions of the act. They confer upon cities, counties and towns alike, the power to call in their outstanding indebtedness in direct terms and not by reference to another act. It is not necessary to consider any feature of the act not falling within the objection made.

The second section adopts the method of procedure pro- STATUTE: vided for like cases where counties are concerned without re- *Extending provision of, by* enacting the governing provisions. We are not, however, pre- *reference to title.* pared to assert that when a new right is conferred or cause of action given, the provision of the Constitution quoted requires the whole law governing the remedy to be re-enacted in order to enable the courts to effect its enforcement. And we see no

reason for refusing to apply the same rule to special proceedings like this. To prevent that kind of legislation could not have been within the mischief the provision was intended to remedy. It could not have been the intention of the framers of the Constitution to put unreasonable restraints upon the power of legislation, and thus unnecessarily embarrass the Legislature in its work. *Montgomery Ass. v. Robinson, 69 Ala., 415; Home Ins. Co. v. Tax Dist., 4 Lea, 644.* They meant only to lay a restraint upon legislation where the bill was presented in such form that the legislator could not determine what its provisions were from an inspection of it. What is not within the mischief is not within the inhibition. Every intendment is to be indulged in favor of the prerogative of the legislative branch of the government. A doubt of its powers to legislate enures to its benefit. The language of the provision is so broad that a literal construction would hamper legislation almost to the extent of prohibiting it. This was adverted to in *Scholes v. State, 47 Ark., 476,* and it was there ruled that a repeal of the exception in a statute, although it practically *extended* the operation of its provisions to the class previously excepted, did not render it necessary to re-enact the general provisions in order to continue them in force. It was said in that case : " It is well settled that this provision does not make it necessary when a new statute is passed, that all prior laws modified, affected or repealed (in part) by implication by it, should be re-enacted. If we should so hold, a large part of the laws would have to be re-enacted and republished at every session of the Legislature, and some of them many times over. No human foresight or diligence could determine the alteration or modification that would be effected by the acts of a single session. * * * It is the reasonable construction the provision should receive with a view to give the effect intended by its framers."

The fourth section of the act undertakes, however, to extend the positive provisions of the law applicable to calling in

Watkins v. Eureka Springs.

evidence of indebtedness by counties, to cities and towns, by a general reference to the prior law. The chief and most effective of these is the provision barring a recovery if the holder fails to present the evidence of his debt for reissue. *Mansf. Dig., sec. 1149.* Without this provision the act is of little practical utility. But can the operation of the provision be *extended* or the power given by it *conferred* upon cities, by a general reference to the former law? We apprehend that it was just this sort of blind legislation the Constitution intends to prohibit when it says the provisions of a law shall not be "extended or conferred" without "re-enacting" the part "extended or conferred." It may be that no legislator was misled by this act or failed to perceive all that it was desired it should accomplish. Of that we have no means of judging. It is sufficient that the Constitution renders such an effort at legislation unavailing. It does not permit the intelligent duty of legislation to be performed like the devotions of the christian who was content to point to the lids of a sealed book as containing his prayers and expressing his sentiments.

As Watkins did not voluntarily submit his warrants to the city council for reissue, they were not authorized to do anything that would bar a recovery. The answer presented no defense. The demurrer should have been sustained. The judgment is reversed and the cause will be remanded with instructions to sustain the demurrer.