## STATE *v.* McKINLEY.

### Opinion delivered September 27, 1915.

1. STATUTES—AMENDMENT BY REFERENCE—CONSTITUTIONAL LIMITATION. —Art. 5, § 23, Const. 1874, which provides that no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only, construed.

2. ELECTIONS—MUNICIPAL ELECTIONS—STATUTE.—Kirby's Digest, § 5433, providing for the holding of municipal elections, *held* complete in

itself, and does not in any manner purport to amend or change the existing election laws, and does not violate the constitutional requirement as provided in Art. 5, § 23, of the Constitution.

Appeal from Greene Circuit Court; *J. F. Gautney,* Judge; reversed.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellant.

1. The statute which provides for the holding of elections in municipalities, also provides that "all elections shall be held and conducted in the manner prescribed by law for holding State and county elections, so far as the same may be applicable." Kirby's Dig., § 5433.

It is clear also that only *qualified electors* are entitled to vote in city elections. Kirby's Dig., § 5596.

If we have no statute punishing illegal voting in city elections, it is time the attention of the Legislature is called to that fact; but, under the above quoted provision, why may not section 1666 of the Digest apply?

2. If the allegations of the indictment are true, appellee was violating a mandate of the statute when he permitted persons to vote who, he knew, were not qualified electors, and he would be guilty of a crime under sections 2447 and 2448, Kirby's Digest. If these statutes do not apply, the indictment is still good in that it states a common law offense and punishable under sections 623 and 624, Kirby's Digest. 15 Cyc. 442; *Id.* 442, note 62; 97 Pa. St. 397, 39 Am. Rep. 808; 1 Bishop's New Crim. Law, 291.

*R. P. Taylor,* for appellee.

The general election law expressly restricts its operation "to general elections of State, county and township officers, and to special elections held to fill vacancies in said offices." 79 Ark. 213; 43 Ark. 414; 174 S. W. 238.

Therefore, it does not apply to municipal elections, unless made to do so by the concluding clause of section 5433, Kirby's Digest, relied on by appellants as sufficient to incorporate section 1666 into the law governing municipal elections. But such legislation is prohibited

by the Constitution, article 5, section 23.   49 Ark. 131; 102 Ark. 411; 40 Ark. 97.

HART, J.   Appellee and others were indicted for an alleged violation of the election laws while acting as judges of an election for city officers in the City of Paragould in Greene County, Arkansas.

The court sustained a demurrer to the indictment and the State has appealed to this court.   It is conceded that the act of January 23, 1875, providing a general election law in terms applies only to general elections of State, county and township officers, and to special elections held to fill vacancies in said offices.

Section 5433 of Kirby's Digest, provides for the holding of elections in municipal corporations and the concluding sentence reads as follows:

"All elections shall be held and conducted in the manner prescribed by law for holding State and county elections, so far as the same may be applicable."

The only objection made to the indictment is that the general election laws do not apply to municipal elections, and that section 5433 of Kirby's Digest, is in violation of section 23, article 5 of our Constitution, which reads as follows:

(1)   "No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

The purpose of the clause of the Constitution was to protect the members of the Legislature and the public against fraud and deception.

Where the new act is not complete but refers to a prior statute which is changed so that the legislative intent on the subject can only be ascertained by reading both statutes, uncertainty and confusion will exist and this constitutes the vice sought to be prohibited by this clause of the Constitution.   In the case before us, the act is very broad and comprehensive.   It is complete in itself and in no manner attempts to amend or change the existing election laws.   On the contrary the general

election laws are undisturbed and are in no wise affected by section 5433, pertaining to municipal elections.

It is no objection to the statute that in order to ascertain how elections in cities and towns shall be held it becomes necessary to refer to existing laws relative to holding general elections for State and county officers. This rule was recognized and applied by this court in the case of *Watkins* v. *Eureka Springs,* 49 Ark. 131, and *Common School Dist.* v. *Oak Grove Special School Dist.,* 102 Ark. 411. In the former case the court said:

"We are not, however, prepared to assert that when a new right is conferred or cause of action given, the provision of the Constitution quoted requires the whole law governing the remedy to be re-enacted in order to enable the courts to effect its enforcement."

In the latter case, the court quoted with approval from the Supreme Court of Montana as follows: "If an act is original in form, and by its own language grants some power, confers some right or creates some burden or obligation, it is not in conflict with the Constitution, although it may refer to some other existing statute for the purpose of pointing out the procedure in executing the power, enforcing the right, or discharging the burden."

In construing a similar constitutional provision, in *Savage* v. *Wallace,* 165 Ala. 572, 51 So. 605, the Supreme Court of Alabama said: "There is a class of statutes, known as 'reference statutes', which impinge upon no constitutional limitation. They are statutes in form original, and in themselves intelligible and complete— 'statutes which refer to, and by reference adopt, wholly or partially, pre-existing statutes. In the construction of such statutes, the statute referred to is treated and considered as if it were incorporated into and formed a part of that which makes the reference. The two statutes coexist as separate and distinct legislative enactments, each having its appointed sphere of action; and the alteration, change, or repeal of the one does not operate upon or affect the other.' *Phoenix Assurance Co.* v. *Fire Department,* 117 Ala. 631, 23 So. 843, 42

L. R. A. 468. Such statutes are not strictly amendatory or revisory in character, and are not obnoxious to the constitutional provision which forbids a law to be revised, amended, or the provisions thereof to be extended or conferred by reference to its title only. That prohibition is directed against the practice of amending or revising laws by additions, or other alterations, which without the presence of the original act are usually unintelligible."

In *People* v. *Mahaney,* 13 Mich. 481, Judge Cooley, with reference to a similar provision, said:

"This constitutional provision must receive a reasonable construction, with a view to give it effect. The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act which purported only to insert certain words or to substitute one phrase for another, in an act or section which was only referred to, but not published, was well calculated to mislead the careless as to its effect, and was perhaps sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the Constitution wisely prohibited such legislation. But an act complete in itself is not within the mischief designed to be remedied by this provision, and can not be held to be prohibited by it without violating its plain intent."

(2) From the principles above announced, it will be seen that the constitutional provision quoted above was intended to enable the meaning of statutes directly amending prior statutes to be ascertained by an examination of the new statute, without the necessity of examining the prior statutes on the subject to ascertain the effect of the amendment. As we have already seen section 5433 of Kirby's Digest is complete in itself and does not purport in any manner to amend or change the existing election laws. It follows that the constitutional re-

quirement was not violated in the enactment of section 5433 of Kirby's Digest, and the court erred in sustaining the démurrer to the indictment. For this error the judgment must be reversed and the cause will be remanded for a new trial.