## Burns, et al. v. Kelley, et al.

(Decided October 14, 1927.)

### Appeal from Fulton Circuit Court.

1. Statutes.—Generally, when a statute adopts a part or all of another statute by a specific and descriptive reference thereto, adoption takes the statute as it exists at that time, and subsequent amendment or repeal of adopted statute had no effect on adopting statute unless it is also repealed expressly or by necessary implication.

2. Statutes.—Repeal of Ky. Stats., section 4463b, referred to in Acts 1926, c. 80, by Acts 1926, c. 82, did not affect its provisions as part of Acts 1926, c. 80, relating to taxes for school purposes, and such provisions still remain part of that chapter.

3. Schools and School Districts.—Under Ky. Stats., section 4463b, providing that, after board of education has levied tax on property of district as may be assessed, it shall be duty of sheriff, with county superintendent's assistance, to make up tax rolls and file copy with board of education, which shall thereupon fix time for collection of taxes, fact that board at time of making order levying tax did not make order concerning collection of tax did not make levying of tax void.

4. Schools and School Districts.—Under Acts 1926, c. 80, providing that election to vote tax for school purposes shall be held at any time fixed by county board of education, board had right in middle of school year to hold election to raise tax for that year.

5. Schools and School Districts.—Where notice of election to vote for tax for school purposes did not specifically state that first tax was to be levied for current year, but was broad enough to convey that idea, it was sufficient under Acts 1926, c. 80.

6. Schools and School Districts.—Members of board of education were charged with knowledge that under Acts 1926, c. 80, at meeting called to canvass returns of election for school tax, it was mandatory duty of board, if election carried, to levy tax at such meeting, and board had right at such called meeting to levy tax, even though two members of board were absent and members had only been notified that meeting was called to canvass returns.

7. Schools and School Districts.—Where order adopted by school board levying tax was preceded by long preamble, which set forth purposes for which election was called and why tax was going to be levied, and preamble ended up with wherefore clause levying tax, order was not void because not specifying distinctly purpose for which tax was levied, since preamble and wherefore clause had to be read as whole.

HESTER & STAHR for appellants.

W. J. WEBB for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In the case of Naylor v. Board of Education of Fulton County, 216 Ky. 766, 288 S. W. 690, there appears a history of the events leading up to that lawsuit and this one. It is there stated:

"In 1916 a tax of 15 cents on each $100 of taxable property was voted in subdistrict No. 2 of educational division No. 2 of Fulton county, known as the Cayce school district, and that tax is still being levied and collected. In 1923 an additional tax of 20 cents on the $100 of taxable property was voted for a period of three years, ending July 1, 1926, for local school purposes and to maintain a high school in the district. During the early months of 1926, two elections were held in the district to vote an additional tax of 25 cents, at each of which a majority of the votes was cast against the tax. On June 19, 1926, the county board of education of Fulton county called a third election for July 24, 1926. At that

election, 129 votes were cast for the tax and 97 against it. . . . The Fulton county board of education apparently conceded that the election held on July 24, was void. . . . On August 5, 1926, ten legal voters of the Cayce school district petitioned the board of education of Fulton county to call an election and submit to the voters of the district the question whether or not an additional tax of 25 cents, making a total tax of 40 cents, should be levied upon the taxable property in the district every year, for a period of six years.''

. That election resulted in favor of the tax. A suit to enjoin its collection was brought by some taxpayers, who were finally victorious because the notice of the election failed to set out the amount proposed to be raised each year as required by section 4458 of the Kentucky Statutes, being part of chapter 80 of the Acts of 1926. Naylor v. Board of Education of Fulton county, supra. In that case, however, chapters 80 and 82 of the Acts of 1926, were held not to conflict with each other and both to be valid enactments. Thinking that the election held in August was a valid one, the board of education had arranged its affairs for the school year 1926-27 on the idea that its income for that year would be derived in part from the tax so voted. When the election was finally declared illegal by this court, the board was confronted with the situation of having provided for a budget larger than the income it would receive. In December, 1926, ten legal voters of the same school district again petitioned the board of education to call an election and submit to the voters of the district the question whether or not an additional tax of 25 cents, making a total tax of 40 cents, should be levied upon the taxable property in the district, the tax ''to be levied annually for a period of six years in order that there might be raised for common. school purposes in said district an additional sum of $1,447.56 annually for the period of six years for the purpose of supplementing the salaries of teachers, of insurance upon the school building, and other incidental and local school expenses,'' and that there might be continued to be maintained in this district a nine months' elementary and fully accredited high school. The election was held in January, 1927, and resulted in a majority in favor of the tax whereupon the board levied the tax voted, the first year of the six years provided for to commence within the

then current school year. The appellants then brought this suit to enjoin the collection of this tax, and, their petition being dismissed in the lower court, they have appealed.

The first ground urged against the validity of the tax is that by chapter 80 of the Acts of 1926 (section 4461 of the Statutes 1926 Supp.) it is provided that the assessment of property, collection of taxes, and the powers and duties of officers under the act shall be governed by the provisions of section 4463b, Kentucky Statutes, except that the duties therein imposed on the division board shall be performed by the county board of education. Chapter 80 of the Acts of 1926 became effective on March 26, 1926. By chapter 82 of the Acts of 1926, which did not become effective until 90 days after the adjournment of the General Assembly, section 4463b of the Kentucky Statutes was repealed. It is insisted that, as at the time the county board of education here sought to levy and collect the tax in question section 4463b had been repealed, there was no provision then extant under which this tax could be levied and collected. In 25 R. C. L. 908, the rule governing this question is thus stated:

"It is a general rule that, when a statute adopts a part or all of another statute, domestic or foreign, general or local, by a specific and descriptive reference thereto, the adoption takes the statute as it exists at that time. The subsequent amendment or repeal of the adopted statute has no effect on the adopting statute unless it is also repealed expressly or by necessary implication."

In the Naylor case, supra, we held that chapter 82 did not repeal in any respect chapter 80 of the Acts of 1926. This being true, under the rule laid down in R. C. L., as above quoted, the repeal of section 4463b of the Statutes by chapter 82 of the Acts of 1926, did not affect its provisions as a part of chapter 80 of the Acts of 1926, and such provisions still remain a part of that chapter. There is therefore no merit in the first contention of the appellants.

They next contend that section 4463b among other things provides that, after the board of education has levied a tax "on the property of the district as may be assessed and equalized for county taxation immediately preceding the levy by the division board," it shall be the

duty of the sheriff, with the assistance of the county superintendent, to make up the tax rolls, and, after he has made them up, it is his duty to file a copy of them with the board of education which shall thereupon fix the time within which such taxes shall be paid to the sheriff, which shall not be less than two or more than four months from the time of such order. It is claimed that the order levying the tax made no provision for the time within which the tax should be collected. This, however, does not make the order levying the tax void. The statute provides the manner in which the levy and collection of the tax must be done: First, the board levies the tax, then the sheriff makes up the tax rolls, and then the board, after the tax rolls have been lodged with it, makes the order concerning the collection of the tax. The fact that the board at the time it made the order levying the tax did not make any order concerning the collection of the tax did not make such levying of the tax void. Although a taxpayer might have a right to hold up the collection of the tax until the board had complied with this section of the Statutes concerning the collection of the tax, a question we need not determine, such right, if any, would not affect the levying of the tax, as the statute does not couple the two. They are to be done at different times. In this case the appellants did not ask the court to enjoin the collection of the tax until the board had made an order concerning its collection under the provisions of the statute, but based their right to relief in all of the various amended petitions which they filed solely on the ground that the levying of the tax was void. This we see was not so on the second ground urged by them.

It is next contended that the board had no right in the middle of a school year to hold an election to raise a tax for that year. Chapter 80 provides, however, that an election to vote a tax "shall be held at *any time* fixed by the county board of education" (italics ours), provided that the notice required by the statute be given. This clearly means that the board of education can call an election at any time during the year it sees fit, even though it be during a current school year.

It is next contended that the notice of the election did not clearly bring home to the voters the fact that the first tax to be levied would be for the current school year. Although the notice did not specifically state that the tax was to be levied for the current year, yet it was broad

enough to convey that idea, and hence there is no merit in this contention of the appellant.

It is next contended that the meeting at which the returns of the election were canvassed was a call meeting and not a regular meeting, and that, as the members had only been notified that the meeting was called to canvass the returns, they had no notice that a tax would be levied thereat, and that, as two members of the board were absent from the meeting, the board had no right under all these facts at such called meeting to levy the tax. In answer to this, it is sufficient to say that chapter 80 (section 4458, of the Statutes 1926 Supp.) provides that, within seven days after the election, the county board of education shall meet and canvass the returns, "and if it be ascertained that a majority vote in said district is cast in favor of such tax, said board shall, on its minute book enter an order levying such tax in such subdistrict." Thus we see the statute makes it the mandatory duty of the board, when it has canvassed the returns, to levy the tax, and, as the members of the board are charged with a knowledge of the law, they must have known that at a meeting called to canvass the returns it would be their duty, if the election carried, to levy the tax. Therefore there is no merit in this contention.

It is lastly complained that the order levying the tax was void because it did not specify distinctly the purpose for which the tax was levied. However, the order adopted by the board was preceded by a long preamble which set forth the purposes for which the election was called and why the tax was going to be levied. This preamble ended up with a "wherefore clause" levying the tax. It is clear that the order must be read as a whole, the preamble as well as the "wherefore clause," and, when so read, the order does specify distinctly the purpose for which the tax was levied.

As the grounds urged by appellants for reversal are insufficient for that purpose, the judgment of the lower court is affirmed.

Whole court sitting, except Judge Sampson, who was absent.