GUSTAFSON, APPELLANT, *v.* HAMMOND IRRIGATION DISTRICT, RESPONDENT.

(No. 6,633.)

(Submitted February 24, 1930. Decided March 27, 1930.)

[287 Pac. 640.]

*Mr. F. F. Haynes,* for Appellant.

*Mr. H. V. Beeman* and *Messrs. Gunn, Rasch, Hall & Gunn,* for Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff, as a taxpayer on lands situated within defendant irrigation district, brought this action to enjoin the sale of refunding bonds. A general demurrer to the complaint was sustained. Plaintiff, declining to amend the complaint, suffered judgment to be entered dismissing the action. He appealed from the judgment.

From the complaint it appears that the commissioners of the irrigation district, on May 15, 1929, determined that it was

advisable and necessary to issue refunding bonds in the sum of $17,000, for the purpose of redeeming outstanding warrants of the district. Proceedings were regularly taken in accordance with the provisions of section 7226, Revised Codes 1921, as amended by section 13, Chapter 157, Laws of 1923, resulting in a decree of the court, entered on June 13, 1929, approving, confirming and ratifying the bond issue. It is alleged that all of the proceedings relating to the bond issue are void for the reason that section 7226, as amended, had been repealed by Chapter 155 of the Laws of 1929 and was not in effect at the time the proceedings took place.

Section 7210, Revised Codes of 1921, as amended by section 7, Chapter 157, Laws of 1923, relating to the issuance of bonds by an irrigation district, contains this clause: "When bonds, however, are issued for the sole purpose of redeeming or paying the existing and outstanding bonds or warrants, or both, including delinquent and accrued interest, of such district, such bonds may be authorized and issued in the manner provided for by section 7226 of this Code." Section 7226 was also amended by Chapter 157. The expression, "section 7226 of this Code," as used in section 7210, as amended, had reference to section 7226, as amended by Chapter 157.

By reference to section 7226 in section 7210, as amended, the provisions of the former section must be considered as incorporated in the latter. (*State ex rel. Hahn* v. *District Court*, 83 Mont. 400, 272 Pac. 525.) Thus the law stood, with reference to the method of issuing refunding bonds, until March 16, 1929, when Chapter 155 of the Laws of 1929 became effective, which expressly repealed section 7226, as amended.

All of the proceedings relating to this issue of bonds took place after March 16, 1929, and before the amendment of section 7210 by Chapter 185, Laws of 1929, which became effective on July 1, 1929. (Sec. 90, Rev. Codes 1921.)

The determinative question here presented is: Did the repeal by Chapter 155 of section 7226, as amended, affect

section 7210 as it stood after the amendment in 1923, and particularly in so far as it adopted by reference the provisions of section 7226? We think not.

The rule is that "the adoption of a statute by reference is construed as an adoption of the law as it existed at the time the adopting statute was passed, and therefore is not affected by any subsequent modification or repeal of the statute adopted." (36 Cyc. 1152.) This rule seems to be universal in the case of the adoption of a specific statute as here, as distinguished from the general law relating to a particular subject. (25 R. C. L., sec. 160, pp. 907, 908; *Hutto* v. *Walker County,* 185 Ala. 505, Ann. Cas. 1916B, 372, 64 South. 313; *Perkins* v. *Winslow,* (Del. Super.) 133 Atl. 235; *State ex rel. Sayer* v. *Junkin,* 87 Neb. 801, 128 N. W. 630; *Crohn* v. *Kansas City Home Tel. Co.,* 131 Mo. App. 313, 109 S. W. 1068; *Flanders* v. *Town of Merrimack,* 48 Wis. 567, 4 N. W. 741; *Williams* v. *State,* (Fla.) 125 South. 358; *Burns* v. *Kelley,* 221 Ky. 385, 298 S. W. 987; *People* v. *Kramer,* 328 Ill. 512, 160 N. E. 60.)

Since the repeal of section 7226, as amended, did not affect section 7210, in which section 7226 has been incorporated by reference, it follows that the complaint does not state facts sufficient to constitute a cause of action, and the court properly sustained the demurrer thereto.

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Ford concur.

Rehearing denied April 3, 1930.