ROBINSON *v.* THE INCORPORATED TOWN OF DEVALLS BLUFF.

4-5433                                    122 S. W. 2d 552

Opinion delivered December 19, 1938.

*Charles B. Thweatt,* for appellant.

*Melbourne M. Martin,* for appellee.

McHANEY, J.   Appellant, a citizen and taxpayer of the town of DeValls Bluff, Arkansas, brought this action against said town, its mayor, recorder, and aldermen to enjoin them from carrying into effect an ordinance passed and approved by the town council and mayor on December 5, 1938, which proposes to establish barge terminals in said town and to issue revenue bonds in the sum of $411,000 for such purpose.   To secure the payment of said bonds, the physical property is to be mortgaged and the revenues to be derived from the operation of the barge terminals are also pledged.   No tax of any kind on the property of the citizens of said town is to be levied or collected for such purpose.

This undertaking finds its authority under the provisions of act 231 of the Acts of 1937, p. 827. The title of said act is as follows: "An act to provide for the purchase, construction, and to promote the improvement of navigation on the navigable rivers of Arkansas, by the cities and incorporated towns in the state of Arkansas, and to purchase, establish, construct and build barge terminals together with tenders and barges, and to provide for the issuance of revenue bonds payable solely out of the revenue derived therefrom and to provide for the operation of such barges and terminals and declaring an emergency."

Appellant attacked the act and the proceedings under nine separate headings, briefly stated as follows: 1. That the legislature has no power to confer such authority as here undertaken on cities and town; 2. that said act 231 is unconstitutional; 3. that even under said act, appellees cannot enter into the proposed contracts; 4. that the proposed improvement is not a public, but a private one; 5. that its operation is not a public, but a private business; 6. that it is *ultra vires;* 7. that § 1 of said act confines the operations to the corporate limits of the town, and that freight movements cannot go beyond the town corporate limits which would destroy the proposed business by the act itself: 8. that the word "time" in § 3 of the act is used in its singular sense, so that, as we understand appellant's contention, all the bonds to be issued would have to be made due and payable at the same time and not over a period of years; and 9. that § 14 of said act provides that the "Sections and provisions of this act are inseparable and are not matters of mutual essential inducement," etc. It is said that in view of the entire act this destroys the act itself. To a complaint setting up these grounds of invalidity and praying injunctive relief, a demurrer was interposed and sustained. Appellant declined to plead further and his complaint was dismissed for want of equity. The case is here on appeal.

Many of the grounds of attack are vague and uncertain. In *Ringgold* v. *Bailey,* 193 Ark. 1, 97 S. W. 2nd 80, we construed a similar act relating to the construction of water works in cities and towns, act 131 of the Acts

of 1933, and held that bonds issued under authority of the ordinance and legislative act could not become obligations of the town. See, also, *Jernigan* v. *Harris,* 187 Ark. 705, 62 S. W. 2d 5; *Snodgrass* v. *Pocahontas,* 189 Ark. 819, 75 S. W. 2d 223. It is also contended under grounds 1, 2, 3, 4, and 5 that, under the Constitution, the Legislature is without power to confer authority on municipalities to undertake the project here proposed. But we held to the contrary in *Lambert* v. *Wharf Imp. Dist. No. 1 of Helena,* 174 Ark. 478, 295 S. W. 730, where we said: "It will be seen that it is expressly provided in the act that no indebtedness, no obligation, no liability or interest thereon, which may be created under the provisions of this act, shall be paid from assessments or taxation on the real property. The act, therefore, is not void because of any tax or assessment on real property, and we know of no acceptable provision that would prohibit the Legislature from passing the act in question. It has been repeatedly held by this court that the Constitution is not a grant of powers, and that the Legislature may do anything not prohibited by the Constitution. This court has also many times held that all doubts as to the constitutionality of a statute must be resolved in favor of the statute." A like provision as to the payment of the bonds from the revenue of the proposed improvement is to be found in § 6 of said act 231. But for said act, appellant would be correct that said town could not engage in the proposed business. We know of no constitutional provision denying such power to the Legislature and appellant cites none.

The other contentions made are likewise without merit. One is that § 1 of the act limits the operations to the corporate limits of the town. We do not so understand said section. His contention about the use of the word "time" in § 3 is captious, and as to that of the word "inseparable" as used in § 14, it is clear from the context that it is a typographical error and that the word "separable" was intended.

Affirmed.