Potashnick Local Truck System, Inc., *v.* Fikes.

4-6851                                                    165 S. W. 2d 615

Opinion delivered November 9, 1942.

*John S. Mosby* and *Charles Hudson, Jr.*, for appellant.

*Rowell, Rowell & Dickey,* for appellee.

Humphreys, J.   On May 22, 1941, the appellees, four in number, filed separate applications with the Arkansas Corporation Commission on the ground of public necessity and convenience for authority under act 367 of the Acts of the General Assembly of 1941 and in compliance with the provisions thereof to transport certain specified commodities over the principal highways of the state of Arkansas.

Notice of the applications was given to all transportation lines operating over the routes designated in the applications, and appellants, being among the number, appeared and protested against granting licenses or permits to appellees on account of public necessity and convenience.

The four applications were consolidated for the purpose of trial. After hearing the testimony, the commission granted the applications of the appellees and issued permits or licenses of convenience and necessity over highway routes in this state for which certificates or permits had long before been issued by said commission to appellants to transport over the routes the following commodities: "Cotton, cotton linters, cotton seed, other farm products both in raw and manufactured form, including, feed, meal, hulls, potatoes, (flour excluded) fertilizer, livestock, dairy products, light machinery and pipes, dressed and rough lumber, building materials, excluding brick and tile, electrical construction materials and poles, fuel oil for Pine Bluff and Little Rock shippers."

An appeal was taken from the order of the commission granting petitioners permits or licenses on account of necessity and convenience to transport freight over the principal highway routes of Arkansas, specifically designated, to the circuit court of Pulaski county, third division, and, on a hearing of the consolidated petitions by said court on the same record made before the commission, the court sustained the order of the commission granting licenses to the petitioners, from which is this appeal to this court for trial *de novo*.

There can be no doubt that it is the duty of this court to try this class of cases *de novo* on the record made before the commission and on appeal before the circuit court. This court has so ruled in the case of *Missouri Pacific Railroad Co.* v. *Williams*, 201 Ark. 895, 148 S. W. 2d 644. This court reaffirmed and approved the ruling in the Williams case, *supra*, in the case of *Potashnick Truck System, Inc.*, v. *Missouri & Arkansas Trans. Co.*, 203 Ark. 506, 157 S. W. 2d 512. In the last case cited this court said: "We said in the case of *Missouri Pacific Railroad Co.* v. *Williams*, 201 Ark. 895, 148 S. W. 2d 644, that the statute under which this proceeding was had required this court, upon the appeal to it, to hear the matter *de novo*, and to render such judgment upon the appeal as appeared to be warranted and required by the testimony. And so we do, but we cannot ignore the fact

appearing in the record before us that a protracted hearing was had, both before the commission and in the circuit court on appeal, and, while the burden was upon petitioner to make the affirmative showing that the public convenience and necessity required the issuance of the permit, that finding has been made, and should now be affirmed unless it appears to be contrary to a preponderance of the testimony. We hear chancery appeals *de novo*, but, when we have done so, we affirm the findings of the chancellor on questions of fact unless his findings appear to be contrary to a preponderance of the evidence. *Leach* v. *Smith*, 130 Ark. 465, 197 S. W. 1160.''

We have carefully read the testimony in this case with the view of determining whether the order of the commission granting permits to appellees to haul commodities designated in their applications over the highways of this state also designated was contrary to a clear preponderance of the evidence.

The testimony introduced before the commission was broad in scope and took a very wide range. Twenty-two business men of Pine Bluff, Warren, Sheridan and Little Rock testified as to the character of business in which they were engaged and the extent of their shipments of freight over the highway routes designated by petitioners in their applications for licenses, and that they had been employing petitioners at intervals to haul commodities of various kinds in trucks over the highway routes involved from five to ten years. All of them testified, in substance, that in their respective businesses it was necessary and convenient to be able to call upon petitioners at irregular intervals to haul their commodities. They stated, however, that they had never been refused service by appellants when they called upon them, and the services of appellants rendered them were satisfactory when they used them.

Three witnesses testified on behalf of appellants. They testified, in substance, that they had gone to great expense to equip themselves to haul all commodities designated in petitioners' applications over the designated highway routes, and that if they were called upon

in the future to transport in their trucks any goods or commodities requiring additional equipment, they would provide such equipment and furnish every necessary facility to accommodate shippers on and along all designated routes.

The undisputed evidence in the record reflects that appellants have never refused to haul commodities or freight which petitioners propose to handle over the routes applied for.

A great preponderance of the testimony is that appellants have sufficient trucks and equipment to accommodate any and all freight traffic over the routes designated which petitioners propose to handle.

It follows that the permits issued to appellees to haul designated commodities over designated highways specified in their respective applications were contrary to a clear preponderance of the evidence. As stated above, the undisputed evidence was to the effect that none of the witnesses appearing on behalf of appellees ever applied to appellants to haul commodities of any kind over the highways designated in appellees' petitions without being accommodated and that the service rendered, when requested, was satisfactory. A clear preponderance of the evidence was to the effect that appellants owned ample equipment with which to haul all commodities over the highways designated in appellees' petition if and when called upon to do so.

In passing it may not be amiss to state that appellants proffered in the course of the trial to procure any additional equipment not presently owned by them which public necessity and convenience might require.

In construing regulatory statutes governing the Corporation Commission of Arkansas prior to Act 367 of the Acts of the General Assembly of 1941, this court adopted in the case of *Missouri Pacific Rd. Co.* v. *Williams, supra,* a rule as follows: ''The general rule is that a certificate may not be granted where there is existing service in operation over the route applied for, unless the service is inadequate, or additional service would benefit the general public, or unless the existing carrier

has been given an opportunity to furnish such additional service as may be required."

In applying this general rule to the facts in the instant case we have concluded that according to a great preponderance of the evidence, appellants were furnishing over the routes applied for by appellees adequate service, and that it was not necessary for the benefit of the general public to issue permits to appellees for additional service. We have also concluded that appellants were not given an opportunity to furnish additional service if any should be required for the benefit or convenience of the general public.

In other words, the evidence did not warrant the commission in issuing certificates to appellees to haul freight and commodities over the highway routes designated in appellees' petition. The issuance of such certificates was contrary to much of the undisputed evidence and contrary to the great preponderance of the evidence.

Appellees contend, however, that appellants had no right under Act 367 of the Acts of the General Assembly of 1941 to appeal from the findings and judgment of the Corporation Commission and to the circuit court. After setting out the general duties and powers of the commission in six subdivisions of § 6 thereof it is provided in subdivision (e) of § 7 of said act that: "Any final order made under this Act shall be subject to the same right of appeal by any party to the proceeding as is now provided by § 2019 and 2020 of Pope's Digest of the Statutes of Arkansas in respect to appeals from the orders of the Commission . . ."

We think under subdivision (e) of § 7 of Act 367 of the Acts of the General Assembly of 1941 the absolute right of appeal was granted to the parties to this suit, and that the reference to §§ 2019 and 2020 of Pope's Digest related to the proceedings or manner of perfecting the appeal. It was not an attempt on the part of the Legislature to amend or extend said sections of Pope's Digest and does not come within the constitutional inhibition of § 23 of art. V of the Constitution of

the State of Arkansas for the year 1874, which is as follows: "No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

Certainly the Legislature did not intend by granting an appeal to the interested parties to deny them the right of an appeal. The purpose and intent was after granting interested parties, or the parties to a suit, the right to appeal reference was made to certain sections of the statute for the manner and method of perfecting an appeal.

This court in a number of cases has recognized the right of interested parties to take an appeal from the final orders of the Corporation Commission to the circuit court and from the circuit court to the Supreme Court. The latest case in which the right of appeal by the parties to the suit, or interested parties, was recognized in the case of *Potashnick Truck System, Inc.,* v. *Missouri & Arkansas Trans. Co., supra.*

The judgment of the circuit court approving the orders of the Arkansas Corporation Commission is reversed, and the orders of the Commission are set aside, and the cause is remanded with directions to enter orders denying the applications of appellees.