AUSTIN *v.* MANNING, MAYOR.

4-9316                                          231 S. W. 2d 101

Opinion delivered June 26, 1950.

*Abe Collins,* for appellant.

*Winfred Lake,* for appellee.

LEFLAR, J. The City of DeQueen, under authority of Act No. 71 of 1949 (Ark. Stats., 1949 Supp., §§ 19-4801 to 19-4812),[1] adopted a city ordinance authorizing construction of a municipal gas transmission and distribution system, held a special election approving the ordinance by a vote of 956 to one, and is proceeding to sell bonds called for by the ordinance to finance the gas system. Plaintiff as a citizen and taxpayer asserted that Act 71 and the ordinance enacted under it are invalid and asked the Chancery Court to enjoin defendants Mayor, Recorder and aldermen of DeQueen (hereinafter identified as "the City") from proceeding thereunder. The Chancellor sustained the City's demurrer to the complaint, and plaintiff appeals.

Act 71 empowers municipalities not already served by any existing natural gas company to issue bonds for

---

[1] Another statute, Ark. Stats. § 19-2318, first enacted in a somewhat different form in 1875, authorizes cities to own and operate gas distribution systems, as well as other types of utility services, at least for some purposes. Also, see, Ark. Stats., § 20-316.

and to construct gas transmission and distribution systems, after approval by the electors at a special election, the bonds to be payable solely from revenues derived from the gas system and not to constitute an indebtedness of the municipality as such. The Act provides that "the notice, calling, publication and conduct of (the) election shall be governed by the provisions of Amendment No. 13 to the Constitution of 1874," and the De-Queen election approving the gas system was so governed and conducted.

Plaintiff's principal arguments for unconstitutionality are based upon Amendment 13, and are twofold: (a) that the Amendment includes no specific authorization to municipalities to construct gas transmission and distribution systems, and (b) that the proposed bonded indebtedness is not authorized by the Amendment. Our previous decisions have resolved these arguments against the plaintiff and in favor of defendant City.

Amendment 13 does not prohibit or relate to the incurring of indebtedness by cities when by its terms the indebtedness is not payable out of taxes but rather is payable altogether out of income or assets of the special and separable activity for which the debt is incurred. *McCutchen* v. *Siloam Springs*, 185 Ark. 846, 49 S. W. 2d 1037; *Jernigan* v. *Harris*, 187 Ark. 705, 62 S. W. 2d 5. "Self-supporting municipal activities may in a sense borrow on their own credit, independently of the city's credit." *Williams* v. *Harris, Mayor*, 215 Ark. 928, 934, 224 S. W. 2d 9, 12. In *Robinson* v. *DeValls Bluff*, 197 Ark. 391, 122 S. W. 2d 552, we sustained a municipal issue of bonds for construction of a barge terminal, the bonds being secured by and payable from the assets and income of the barge terminal alone. The fact that barge terminals are not mentioned in Amendment 13, just as gas systems are not mentioned, does not mean that indebtedness on their account is prohibtied. It is not prohibited when the indebtedness is of a self-liquidating type not controlled by Amendment 13. The proposed DeQueen bond issue is that type of indebtedness.

Plaintiff also argues that Act 71 is invalid under Article V, § 23 of the Constitution insofar as it provides

that "the notice, calling, publication and conduct of said election (at which the bond issue must be approved) shall be governed by the provisions of Amendment No. 13 to the Constitution of 1874."

The words of Article V, § 23, are:

"Sec. 23. *Revival, amendment or extension of laws.* No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

Section 23 does not prohibit the legislative drafting technique of cross-reference to other statutes governing related matters not actually "revived, amended, extended or conferred" by the particular enactment. "Such legislation, known as a reference statute, is quite common, and is uniformly upheld. It refers to another statute to regulate the procedure to make its provisions effective, and legislation would be very cumbersome and difficult if such acts were not held valid." *Jernigan* v. *Harris,* 187 Ark. 705, 710, 62 S. W. 2d 5, 7. See *Watkins* v. *Eureka Springs,* 49 Ark. 131, 4 S. W. 384; *State* v. *McKinley,* 120 Ark. 165, 179 S. W. 181; *Potashnick Local Truck System, Inc.,* v. *Fikes,* 204 Ark. 924, 165 S. W. 2d 615. The quoted reference in Act 71 to the election provisions of Amendment 13 was both permissible and effective.

Plaintiff next points out that the Mayor of DeQueen at once after the election issued a proclamation declaring the results and announcing that the election would be final unless contested within thirty days. It is urged that there was no justification in law for this limitation upon the time within which a contest might be initiated. Whether that interpretation of the law as to the time limit for a contest is correct or not, the fact remains that the contest was initiated within the thirty days, and plaintiff cannot now complain. He has contested the election, and there is nothing to indicate that his contest would have been any more effective had it been delayed.

By filing the contest when he did, he waived any right he may have had to wait until later to file it.

Plaintiff. also asserts that the City has petitioned the Public Service Commission for authority to extend the services rendered by the proposed gas system to contiguous rural areas, including persons living along the route of the main gas transmission line between Okay and DeQueen, and that the Commission has taken this petition under advisement. The contention is that it would be unlawful for the City to render such service to these rural areas.

Our statute (Ark. Stats., § 73-264) permits any city which operates "facilities for supplying a public service or commodity to its citizens" to "extend its service into the rural territory contiguous to such municipality", subject to Public Service Commission approval. In *Arkansas Utilities Co.* v. *City of Paragould,* 200 Ark. 1051, 143 S. W. 2d 11, we pointed out that compliance with this statute, by securing Public Service Commission approval, is in the ordinary case an absolute prerequisite to the extension of municipally operated utility services into contiguous rural areas. Also see *Yancey* v. *City of Searcy,* 213 Ark. 673, 212 S. W. 2d 546. In the present case the City has quite properly filed its petition for authority thus to extend its services with the Public Service Commission. That is the forum in which the petition must be passed upon. The complaint asserts no facts that would give the Chancery Court any jurisdiction to pass upon that petition which was properly filed and pending elsewhere.

The City's demurrer to the plaintiff's complaint was properly sustained in the Chancery Court, and the decree of that Court is affirmed.