## STATE v. SHELDON.

No. A-11668. Sept. 3, 1952.

Rehearing Denied Sept. 17, 1952.

(247 P. 2d 975.)

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Ass't Atty. Gen., and Lowell Doggett, County Atty. Kay County, Newkirk, for plaintiff in error.

Stevens & Grantham, R. O. Wilson, Ponca City, and Bruce B. Potter, Blackwell, for defendant in error.

JONES, J. The State of Oklahoma commenced his prosecution in the county court of Kay county by filing an information against Edward Joseph Sheldon, charging that on or about March 25, 1950, the accused did drive an automobile on a public highway while under the influence of intoxicating liquor. A demurrer to the information was interposed on behalf of the defendant, which demurrer was sustained and the case was dismissed. The state saved its exception to each of the actions of the court and has brought this appeal to the Criminal Court of Appeals.

The trial court sustained the demurrer interposed by the accused on the theory that for the period from May 27, 1949, through May 15, 1951, the State of Oklahoma had no effective law prohibiting the driving of an automobile upon a highway in the State of Oklahoma while the driver was under the influence of intoxicating liquor, for the reason that Tit. 47, O.S. 1941 § 91 had been repealed by the 1949 legislature and that Tit. 47, O.S. 1941 § 93, did not define "highway" and did not set forth a place or places where the driving of an automobile under the influence of intoxicating liquor was prohibited.

This identical issue was presented to the court by habeas corpus in the case of Ex parte McMahan, 94 Okla. Cr. 419, 237 P. 2d 462, where this court established the law of the case as follows:

"Statutes which refer to other statutes and make them applicable to the subject of legislation are called 'reference statutes' and are a familiar and valid mode of legislation.

"In the absence of anything in the adopting statute and the circumstances surrounding its enactment to indicate a different legislative intent, the rule of construction is that a statute adopting and referring to another statute or to some of its provisions adopts and incorporates the provisions of the other statute as they existed at the time of the adoption, and no subsequent modification or repeal of the statute adopted will enlarge, limit, or otherwise affect the adopting statute.

"Where one section of a statute adopts the particular provisions of another section of a statute by a specific and descriptive reference to the section of the statute adopted, the effect is the same as though the section of the statute which is adopted had been incorporated bodily into the adopting statute, and the subsequent repeal of the section of the statute referred to and adopted does not affect the adopting statute, in the absence of a clearly expressed legislative intention to the contrary.

"In 1923 the legislature enacted a law prohibiting the driving of an automobile on the highways of Oklahoma while under the influence of intoxicating liquor, Tit. 47, O.S. 1941 § 93, and referred to and adopted the definition of highways as set forth in Sec. 1 of that act, now known as Tit. 47 O.S. 1941 § 91. The Motor Vehicle Act of 1949 repealed Tit. 47 O.S. 1941 § 91, which was the statute defining highways. Such repeal did not affect Tit. 47 O.S. 1941 § 93, and such act is a valid and existing statute under which a prosecution for driving an automobile on the state highway while under the influence of intoxicating liquor on April 10, 1951 could be maintained."

Thereafter this court had occasion in two other cases to again consider the question which was presented and decided the same adversely to the contentions of the petitioner herein. Overton v. State, 95 Okla. Cr. 127, 243 P. 363; Larkey v. State, 95 Okla. Cr. 338, 245 P. 2d 751.

It is the contention of counsel for the accused that in none of the opinions heretofore rendered has this court given consideration to section 57 of article 5 of the Constitution of Oklahoma, which under their contention prohibits the adoption of the definition of highway as set forth in section 1 of the 1923 act by section 3 of said act unless Section 1 was copied at length into section 3.

This constitutional provision is similar to one which exists in several other states, and the effect of this provision has been considered in many opinions rendered in this state and in the other states having such provision, and provides:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length". Constitution of Oklahoma, Article 5, Section 57.

The cases cited by counsel for the accused as authority to sustain their proposition involve statutes which attempted to adopt by reference to the title only the provisions of an existing law. Rider v. State, 132 Ark. 27, 200 S.W. 275; State v. Armstrong, 31 N.M. 220, 243 P. 333.

No decision of any court was referred to in the brief of defendant which might have a bearing upon the question presented, as to whether in an original

act of the Legislature, the constitutional provision relied upon by the accused would effectively bar the adoption of a definition set forth in one paragraph of the act involved in another paragraph of the same act by reference to the section number of the definitive paragraph.

The construction of this constitutional provision by the Supreme Court of Oklahoma is best set forth in the case of State ex rel. Breene v. Howard, 67 Okla. 289, 171 P. 30, 33, wherein it was stated:

"The legislation is assailed as being unconstitutional on the ground and for the reason that it is in conflict with, and in direct violation of, article 5, § 57, Williams' Constitution, which provides:

" ' * * * And no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length.'

"The act is said to be in conflict with this provision of the Constitution because the amendatory provisions of chapter. 96, Session Laws 1915 [52 O. S. 1951 §§ 321, 324, 331, 337], which relator says are amended by it, are not re-enacted and published at length as provided in said clause of the Constitution. Said chapter 207, Session Laws 1917 [17 O.S. 1951 § 51 et seq.] does not purport to amend any other chapter or section, but on its face purports to be a complete act in itself providing for the creation of an oil and gas department under the jurisdiction of the Corporation Commission for the appointment of a chief oil and gas conservation agent, conferring exclusive jurisdiction on the Corporation Commission in reference to the conservation of oil and gas and the inspection of gasoline and oil, the product of crude petroleum, and repeals all acts or parts of acts in conflict therewith and declares an emergency.

"The provision of the Constitution relied upon was intended to prevent the mischief which arose by the enactment of amendatory statutes so blind in terms that the legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws by the enactment of such legislation. A familiar illustration was the passage of an act amending a prior act which purported only to insert certain words, or to substitute a phrase of another by referring thereto without re-enacting the section affected. Such constitutional provisions have always received a liberal construction with the view of preventing the evil at which they were aimed, but when the statute in itself appears to be original, and in itself intelligible and complete, and does not either in its title or in the body thereof appear to be revisory or amendatory of any law, it is not within the inhibition of section 57, art. 5, even though such act seeks to effectuate the power conferred by referring to, and requiring, the officers thereby created to proceed in the performance of their duties in accordance with the general laws previously enacted. City of Pond Creek v. Haskell, 21 Okla. 711, 97 P. 338; No. 9182, In re Application of Lee, 64 Okla. 310, 168 P. 53, L.R.A. 1918B, 144; 1 Lewis' Sutherland, Stat. Const. § 243.

"To hold otherwise would require that every statute, local or general, must contain within itself every detail necessary for its complete execution, and the Legislature, when it desired to adopt the procedure or some matter of detail contained in another statute, could not, by suitable reference thereto, make the law effective, but must embrace in the proposed legislation, and actually insert therein, every provision necessary for a complete working law in itself without referring to any other provision of the statute. The mischief produced by such construction would lead to innumerable repetitions of the laws on the statute books, and would render them too bulky and cumbersome for any reasonable use, and, in addition, would render them confusing and unintelligible almost beyond the power of the mind to conceive."

42

In Reynolds v. Fabritis, 233 Ala. 625, 172 So. 889, 891, it was stated:

"No one would therefore deny the power of the Legislature to refer to and adopt for one feature of the revenue act other provisions of it without repeating them in extenso. The purpose is to avoid repetition of detail, when the intent of the Legislature is clear."

In Martin v. Stumbo, 282 Ky. 793, 140 S. W. 2d 405, it was held:

"The repeal of statute prescribing method of selecting special circuit judge, which another statute had adopted or incorporated by reference as method of selecting special quarterly court judges, did not operate to repeal the adopting statute, and hence did not affect method of selecting special quarterly court judges."

In Austin v. Manning, 217 Ark. 538, 231 S. W. 2d 101, 102, it was stated:

"Section 23 does not prohibit the legislative drafting technique of cross-reference to other statutes governing related matters not actually 'revived, amended * * * extended or conferred' by the particular enactment. 'Such legislation, known as a reference statute, is quite common, and is uniformly upheld. It refers to another statute to regulate the procedure to make its provisions effective, and legislation would be very cumbersome and difficult if such acts were not held valid.' Jernigan v. Harris, 187 Ark. 705, 710, 62 S. W. 2d 5, 7. See Watkins v. Eureka Springs, 49 Ark. 131, 4 S. W. 384; State v. McKinley, 120 Ark. 165, 179 S. W. 181; Potashnick Local Truck System, Inc., v. Fikes, 204 Ark. 924, 165 S.W. 2d 615. The quoted reference in Act 71 to the election provisions of Amendment 13 was both permissible and effective."

See, also, Armstrong v. Johnson Storage & Moving Co., 84 Colo. 142, 268 P. 978; State ex rel. Berthot v. Gallatin County High School Dist., 102 Mont. 356, 58 P. 2d 264; Gustafson v. Hammond Irr. Dist., 87 Mont. 217, 287 P. 640; Burns v. Kelley, 221 Ky. 385, 298 S. W. 987.

In Argo v. State, 88 Okla. Cr. 107, 200 P. 2d 449, 451, the accused appealed from a conviction sustained for driving an automobile on the highway while under the influence of intoxicating liquor and presented as one of his contentions that the information was defective by reason of the failure to more particularly describe the automobile in the information. This court held that all that was necessary to charge an offense under the statute, 47 O.S. 1941 § 93, was to allege that the defendant did drive his automobile. This court used the following language in disposing of that contention:

"Title 47, O. S. 1941 § 91 defines motor vehicles in the following language, to wit:

" '(1) "Motor Vehicle" shall mean all vehicles propelled otherwise than by muscular power, except vehicles operating upon stationary rails or tracks.'

"The foregoing statutes are parts of the same Act, and bear direct relationship to one another, and since an automobile falls within the definition of a motor vehicle as defined in § 91, Title 47, O.S.A. 1941, the information cannot be attacked upon the ground that the vehicle was described as an automobile and not as a motor vehicle."

In the case of Braniff v. Coffield, 199 Okla. 604, 190 P. 2d 815, 819, the Supreme Court of Oklahoma had under consideration an action based upon Tit. 71, O. S. 1941 § 52, which pertained to the sales of securities in violation of the provisions of the Securities Act. It was therein stated:

"This later act on which this action is predicated is 71 O.S. 1941 § 52, Ch. 24, Art. 11, Sec. 16, S.L. 1931. There is no element of common law liability under this section, but liability is specifically imposed jointly and severally upon 'the person making such sale and every director, officer or agent of or for such seller,

if such director, officer or agent shall have personally participated or aided in any way in making such sale. * * *' Sec. 1 of the Act defines certain terms used therein. 'Agent' is defined as a salesman as that term is defined in the Act. 'Salesman' is thus defined:

" ' "Salesman" shall include every natural person, other than a dealer, employed or appointed or authorized by a dealer or issuer, to sell securities in any manner in this State. The partners of a partnership and the executive officers of a corporation or other association registered as a dealer shall not be salesmen within the meaning of this definition.' 71 O.S. 1941 § 1.

"It seems clear from this that Chemical Bank and Trust Company, not being a natural person, could not be an agent of the issuer of such stock and could not personally participate or aid in any way in this state as such 'agent' in making such sale in violation of the Blue Sky Law and was, therefore, not doing or transacting such business in the state.

"By the terms of 25 O.S. 1941 § 2, this court is required to give recognition to the legislative definition of a word or phrase in any statute, so that the definition given of the word 'agent' in Sec. 1 of the Blue Sky Law, 71 O.S. 1941 § 1, must be applied to the word 'agent' as used in Sec. 52 of the same act, specifying those to whom liability attaches under that section. Even without this statutory requirement the general rules of statutory construction would require that this be done. In Lewis' Sutherland Stat. Const., 2nd Ed., Sec. 358, it is said:

" 'Where the lawmaker declares its own intention in the enactment of a particular law, or defines the sense of the words it employs in a statute, it not only exercises its legislative power, but exercises it with a plausible aim; for it professes to furnish aid to a correct understanding of its intention, and thus to facilitate the primary judicial inquiry on the exposition of the law after it is finished, promulgated, and has gone into practical operation. The legislature in passing an act may declare its meaning and construction, and such declaration will be binding on the courts.' "

In Service Feed Co. v. City of Ardmore, 171 Okla. 155, 42 P. 2d 853, 854, the Supreme Court held:

"An act of the Legislature, which is in form original and in itself intelligible and complete, and does not, either in its title or body, appear to be revisory or amendatory of any existing law, is not within the inhibition of section 57, article 5, of the Constitution, providing that 'no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended or conferred shall be re-enacted and published at length,' and this is true, even where the procedure for effectuating the rights required under such statute is provided by reference to a general procedural statute, previously enacted."

We adhere to the decision in Ex parte McMahan, supra, and for a more full discussion of decisions from other states holding contrary to the contention of the accused reference is made to that opinion.

It is our conclusion that the county court of Kay county erred in sustaining the demurrer to the information. The case is accordingly reversed and remanded to the county court of Kay county with instructions to vacate the order sustaining the demurrer to the information, to reinstate the prosecution, overrule the demurrer to the information, and proceed with the prosecution.

BRETT, P. J., and POWELL, J., concur.