RINGGOLD *v.* BAILEY.

4-4379

Opinion delivered October 19, 1936.

*Madison K. Moran,* for appellants.

*E. H. Bostic* and *John R. Thompson,* for appellees.

McHANEY, J. Appellants are citizens and taxpayers of the town of Cabot. Appellees are the mayor and other town officials. According to the allegations of appellants' complaint, and amendment thereto as set out in the abstract, ''The town council of the town of Cabot has passed an ordinance providing for the issuing of twenty-three thousand dollars worth of interest-bearing bonds * * * the plaintiffs believe that the property owners will have

to pay the bonds when they have been issued and sold. The plaintiffs believe that no one will buy the water-works bonds of Cabot unless they have an adequate remedy at law to enforce the collection of said bonds * * *. The plaintiffs ask the court to hear testimony and enter a decree in accordance to the testimony so that the terms and conditions under which the water system is to be installed will be binding on all parties." Appellees demurred to this complaint and the amendment on the ground that no cause of action was stated and the court sustained the demurrer and dismissed the complaint, appellants declining to plead further. This appeal is from that judgment.

We agree with the trial court that no cause of action was stated. We gather from the complaint that appellants fear their property may be taxed to pay the revenue bonds issued to raise funds with which to construct the waterworks plant in the town of Cabot or that they may be compelled to connect with the water mains and pay exorbitant prices for the water consumed. As to the matter of taxing their property to pay for said bonds, we think the fear of appellants is not well grounded, as under the provisions of act 131 of the Acts of 1933, the act under which the bonds, as we understand it, have already been issued, it is provided in § 6 that: "Bonds issued under the provisions of this statute shall be payable solely from the revenues derived from such waterworks system, and such bonds shall not in any event constitute an indebtedness of such municipality within the meaning of the constitutional provisions or limitations, and it shall be plainly stated on the face of each bond that the same has been issued under the provisions of this act, and that it does not constitute an indebtedness of such municipality within any constitutional or statutory limitation." In *Jernigan* v. *Harris*, 187 Ark. 705, 62 S. W. (2d) 5, and in *Snodgrass* v. *Pocahontas*, 189 Ark. 819, 75 S. W. (2d) 223, we held that the provisions of this act were controlling and binding. As to whether the town may in the future compel appellants to connect with its water system and charge exorbitant rates is a question that is not now

before us. If it arises in the future, appellants by appropriate remedy might have the same corrected.

No error appearing, the judgment is affirmed.