Fisher *v.* Jonesboro Transfer & Storage Co.

5-2486                                           350 S. W. 2d 516

Opinion delivered October 30, 1961.

*H. G. Partlow, Jr., Penix & Penix,* for appellant.

*Louis Tarlowski,* for appellee.

Carleton Harris, Chief Justice.   Appellant, Harold Fisher, d/b/a Fisher Moving and Storage Company, is engaged in the household moving and storage business in Blytheville. He was originally given authority to operate in Mississippi County only. Later, in 1957, his authority was extended.[1] In 1958, a further extension in his operating authority was applied for, but denied. Thereafter, in May, 1960, the application from which stems this litigation was filed, wherein appellant sought authority from the Arkansas Commerce Commission, to

[1] Appellant was authorized to operate between points and places in Mississippi County, that part of Craighead County on and east of Arkansas Highway 135, that part of Poinsett County east of U. S. Highway 63 and that part of Crittendon County north of Arkansas Highway 42 and U. S. Highway 61; and between points and places in the said territory on the one hand and on the other, points and places in Arkansas bounded on the west by U. S. Highway 67 and on the south by U. S. Highway 79, Arkansas Highway 11 and U. S. Highway 70, and to serve Helena, Arkansas, as an off-route point.

operate "between points and places in that part of Arkansas east of U. S. Highway 63 to and from any point in the state of Arkansas." Protests to the granting of the application were made by Jonesboro Transfer and Storage Company of Jonesboro, and Paragould Transfer and Storage Company of Paragould, and the owners of these two companies appeared at the hearing. Though not filing a formal protest, Mrs. Florence Allison of Allison Transfer Company testified in opposition to the granting of the permit. At the conclusion of the hearing, the Commission rendered its findings as follows:

"1. Applicant is fit, willing and able properly to perform the proposed service and to conform to the requirements of the motor carrier act and to the rules and regulations of the Commission.

2. The present and future public convenience and necessity require the proposed service.

3. That the granting of the application will not materially affect the operation of other carriers.

4. That the application should be granted."

In accordance therewith, an order was entered authorizing Fisher to operate "between points and places in that part of Arkansas east of U. S. Highway 63 on the one hand, and on the other, points and places in the State of Arkansas."[2] The Commission's order was appealed to the Circuit Court of Pulaski County. On hearing, that court held the order of the Commission to be contrary to a preponderance of the evidence, insufficient to sustain the findings and order of the Commission, and entered its order directing the Commission to set aside the order made, and to enter an order denying the application in its entirety. From such judgment comes this appeal.

Fisher testified that he has sufficient equipment, in good condition, warehouse facilities, and that he owns

[2] "On the one hand, and on the other" means every shipment must originate or be destined to the described territory.

one building and leases another.[3] The witness stated that he had loading and parking facilities, and that since the time of his last application, Blytheville's population had increased. He said that his warehouses were practically full of stored household goods; that his business was good, but that he was forced to reject calls each week because of his limited authority; that these calls were referred to carriers who were authorized to operate in the territory from which the requests came. Fisher testified that he had received numerous calls from "that area I have asked for here. I have had calls from all of that part of the country." He stated that, if necessary, he would increase his equipment to handle the additional business that would be afforded if his application were granted. Fisher testified there were five licensed carriers in Blytheville, but that all did not have offices or terminals. He stated that Allison had a telephone and an agent in Blytheville; that he did not refer any calls to Allison, but did refer some to Wunderlick and Beckham, other operators of that city. The witness testified that Allison did not have "good" equipment. He stated that all carriers in Mississippi County were operating under restricted authority except Allison. On cross-examination, Fisher said that he was unable to state the names of any particular persons who called him desiring household goods to be moved to points beyond his authority.

W. W. Beckham, also engaged in the moving and storage business, testified that he had received calls from beyond his territory which he was unable to handle, and that he was of the opinion that the need existed for the extension of authority to another carrier in that area. He stated that because of his health, he was not interested in expanding his business. Beckham, father-in-law of Fisher, likewise was unable to give specific information as to where the calls came from. Lonnie Boyston, engaged in the fire and casualty insurance business in Blytheville, and who handled Fisher's insurance business, testified that the population in Blytheville had con-

---

[3] Appellant's facilities and ability to handle increased business are not questioned.

sistently increased, and was higher by some 3,500 than in 1956. He stated that he knew people were moving in and out of Blytheville, particularly from the air base. Boyston admitted that the other licensed carriers could be used, but that due to "heavy business" in that line, those desiring such service "may have to wait awhile." The witness was not familiar with Allison's operation, nor did he have personal knowledge that prompt service could not be given. He stated that he needed moving service during the year, which was handled by Mr. Beckham; that he also had need of service in December, 1959, but did not remember which hauler he used; that service each time was satisfactory. Neither appellant, nor his witnesses, testified that proper service could not be obtained under facilities afforded by presently authorized carriers.

Miss Gladys Montague, owner and manager of Jonesboro Transfer and Storage Company, testified that she was authorized to service all points and places in Arkansas, including the territory covered by Fisher's application. Through stipulation, it was established that this concern carried advertising in the telephone directories of twenty-two cities and towns. Miss Montague stated that she employed three van drivers, one man who attended to office work, one salesman, one repairman and mechanic. She testified relative to the amount of equipment owned by the company and stated that two vans and a stake truck were on the lot in Jonesboro (at the time of the hearing) because of lack of business. She stated her concern would be willing to handle calls referred by Fisher, Beckham, or anyone else, and that she had not received any calls from Fisher or Beckham; that she had never refused any service; that she was able to increase her equipment if business required it, and would do so. Exhibits showing shipments in the territory, in which appellant seeks a permit, were offered for 1959 and January through June, 1960.

Vivian Clark testified on behalf of Paragould Transfer and Storage Company, protesting the granting of the application. She stated there was not enough business,

and it would be detrimental to her company if Fisher were granted the permit. Mrs. Florence Allison of Allison Transfer Company testified that this concern has terminals or offices in Little Rock and Blytheville, having been located in the latter city since October, 1959; that the company maintains a tractor trailer unit and a bob truck most of the time in Blytheville and advertises for business. She said that Allison keeps six units in Little Rock, and if an order is received from Blytheville requiring more than one piece of equipment, additional units are sent from the capital city. According to the witness, the company maintains a large warehouse in Blytheville, and is willing to add additional equipment for use there if it becomes necessary.

We agree with the Circuit Court that the evidence on behalf of Fisher was insufficient to sustain the granting of the application.

Both appellant and appellee cite the case of *Santee* v. *Brady,* 209 Ark. 224, 189 S. W. 2d 907, wherein we said that a certificate should be granted "* * * if public convenience and necessity be shown, even if there be already existing service, provided the Commission finds either:

a. that the present service is inadequate; or

b. that additional service would benefit the general public; or

c. that the existing carrier has been given an opportunity to furnish additional service as may be required." In the same case, we stated that the desire of a new applicant for a certificate is relatively a minor matter for the consideration of the Commission. Appellant more or less concedes that he cannot obtain a permit under provisions "a" and "c" mentioned above; at least, no argument is directed to a contention that present service is inadequate; nor is there any proof that the service is inadequate, *i. e.,* persons requiring moving accommodations have been inconvenienced and delayed in obtaining same because of insufficient moving facili-

ties. Likewise, there is no evidence that existing carriers have been given the opportunity to furnish any additional service, even if same were required. Appellant stakes his case on the principal enunciated in "b", that additional service would benefit the general public. But this assertion, in our view from the record before us, must be predicated largely on surmise, or a general supposition that "the more carriers added, the more benefit to the general public." Certainly, there is no evidence that establishes additional benefits to the public if Fisher's permit is granted. The territory sought by appellant includes Mammoth Spring, Hardy, Imboden, Black Rock, Walnut Ridge, Jonesboro, Marked Tree, Tyronza, Turrell, West Memphis, Blytheville, Lepanto, Monett, Paragould, Corning, Piggott, Rector, Leachville, Lake City, Luxora, Osceola, Pocahontas, Wilson, Hoxie, Trumann, and perhaps others. Despite the size of the territory, appellant brought forward only one witness on behalf of the general public, his insurance agent, and this witness, who had no present need for moving facilities, had received satisfactory service on the two occasions when he required it. Appellant argues that the size of Blytheville justifies a local mover with statewide authority. Of course, this is not the criterion for granting additional service; in addition, it appears that such a concern, possessing the authority sought by appellant, is already doing business in Blytheville. It is true that Mrs. Allison lives at Little Rock, but a branch, or terminal, office is maintained in Blytheville. This witness testified that the terminal office has a telephone, and that eight employees are presently employed on a permanent basis. She further stated that a tractor trailer unit and bob truck are kept in Blytheville, and that the six units in Little Rock are used interchangeably between the two cities.

We are of the opinion, and find, that the evidence falls short of establishing that the proposed additional service, to be furnished by Fisher, would benefit the general public. In accordance with this finding, the judgment of the Circuit Court is affirmed.