Superior Forwarding Co. *v.* Southwestern Transp. Co.

5-2866                                                    364 S. W. 2d 785

Opinion delivered February 18, 1963.

*LaTourette & Rebman, G. F. Gunn, Jr., St. Louis, Mo., House, Holmes, Butler & Jewell,* for appellant.

*Lloyd M. Roach,* Tyler, Texas, *Louis Tarlowski,* for appellee.

Sam Robinson, Associate Justice. Appellant, Superior Forwarding Company, a common carrier operating trucks over highways in this State, petitioned the Arkansas Commerce Commission for authority to operate over four specific routes as follows:

No. 1.  Between Jonesboro and Little Rock.

No. 2.  Between Jonesboro and Stuttgart.

No. 3.  Between Corning and Harrisburg.

No. 4.  Between Little Rock and West Memphis.

Appellees, other carriers operating in the territory involved, protested the granting of such authority. The Commission granted the petition in part. Appellant was

authorized to operate between Harrisburg and Jonesboro, and between Jonesboro and Hoxie. The remainder of the petition was denied.

East Texas Motor Freight Lines has authority to operate intrastate between Little Rock and the Missouri line, through Hoxie. Previously, with approval of the Commission, this permit had been leased to Superior. By reason of this leasing arrangement with East Texas Motor Freight, Superior had authority to operate between Little Rock and Hoxie. The Commission, therefore, did not give consideration to Superior's petition to operate between those points, and so stated in its order. Since 1959 Superior had been authorized to operate between Little Rock, Hot Springs, Malvern, Pine Bluff, and intermediate points.

There is a practice in the transportation business known as "tacking". This consists in transportation companies combining rights granted by separate permits so as to enable the carrier to furnish through service to points it is authorized to serve by the separate permits. In other words, by tacking its authority to haul from Harrisburg to Jonesboro, and its authority to haul from Jonesboro to Hoxie, and the authority it had under the lease from East Texas Motor Freight to haul from Hoxie to Little Rock, along with its authority to serve Hot Springs, Pine Bluff, etc., it could furnish straight through service between all those points. That is what happened here, and that is what this appeal involves.

The order of the Commission did not prohibit tacking and therefore, apparently everyone concerned considered that the authority granted to Superior did authorize the carrier to tack, and that Superior intended to do so. In their brief, appellees, the protesting carriers, state: "Tacking together separate grants of operating authority enables a motor carrier to furnish a through service, if there be a point common to the separate authorities and operations are conducted through a common point, *where the certificates contain no restrictions against tacking*. Appellant admitted it proposed a

tacking of routes, if its application was granted." (Emphasis ours.) Again appellees state: "In the absence of the Court directed restriction against tacking, appellant would be permitted to operate a through service . . . ". Appellees further state: "Arbitrarily, it [the Commission] refused, in spite of these findings, to specifically prohibit joinder or tacking, thereby granting authority for a through service . . . ".

Realizing that Superior would be able to tack since that procedure had not been prohibited by the Commission, appellees herein filed a petition with the Commission for a rehearing on that point and asked that Superior be denied the right to tack. The Commission overruled the petition, and by denying appellees' motion to amend the original order by inserting a provision prohibiting tacking, the Commission made it clear that the authority granted to Superior allowed tacking. Appellees here, appealed to the Circuit Court. There, the matter was heard by the Court on the record made before the Commission and the order of the Commission denying the petition to prohibit tacking by Superior was reversed. Superior has appealed to this Court.

The practice of tacking is manifestly so reasonable and beneficial to the public that it should not be prohibited except in the most compelling circumstances, and such circumstances are not shown to exist here. Ordinarily, it would be useless and utterly ridiculous to require Superior to unload at Jonesboro, freight originating at Harrisburg, and load it on another truck to make the trip to Hoxie, and then unload it again and reload it for the trip to Little Rock, when Superior has authority to operate between all the points mentioned. Of course, it would actually cost a great deal more to handle freight in that manner, and the shipper or consignee would eventually pay the bill.

But, if by tacking Superior would be able to furnish such competition that in the long run it would not be in the public interest, tacking should be prohibited; mere competition in itself, however, is no sound reason to deny the public the additional service. *Atlanta-New Orleans*

*Motor Freight Co.* v. *United States*, 197 F. Supp. 364 (1961). In that case the Court quoted from *Norfolk Southern Bus Corp.* v. *United States*, 96 F. Supp. 756, as follows: ''Competition among public carriers may be in the public interest and the carrier first in business has no immunity against future competition. [Citations omitted]. Even though the resulting competition causes a decrease of revenue from one of the carriers, the public convenience and necessity may be served by the issuance of a certificate to a new competitor.''

Appellees offered no evidence in support of their motion that Superior be denied the right to tack. Their principal argument is that the record shows that the Commission denied Superior the authority to haul straight through because adequate service of that kind was being rendered by appellees. But by tacking, Superior could do the very thing the Commission denied it the right to do. Appellees stated in their brief: ''. . . the Arkansas Commerce Commission has specifically found that the public convenience and necessity does not require any service from Jonesboro to Little Rock, and other points served by the appellees, because appellees are adequately and satisfactorily serving the public, . . . ''.

We do not construe the findings and order of the Commission as denying Superior the right to furnish through service; and neither did the Commission so construe its order, as evidenced by the fact that appellees' petition to prohibit tacking was denied by the Commission. As we construe the order of the Commission, tacking was anticipated, and the denial of that part of appellant's original petition for authority to haul from Hoxie to Little Rock was due to the fact that Superior already had that authority and would be permitted to tack. In this respect the Commission said: ''For practical purposes, applicant holds interstate authority over substantially all of the routes embraced in this application. Vehicles are stationed at all terminals for road and pickup and delivery service. If this application is granted, it is proposed to give overnight delivery service to all

points in Arkansas." The Commission further said: "The record is clear that motor carrier service between Corning, Pocahontas, Newport, Jonesboro and Harrisburg is inadequate to meet the need of present shippers, not to mention the plans of such shippers for expansion of their business. *Inasmuch as applicant is presently operating in intrastate commerce between Little Rock and the Arkansas-Missouri State line over U. S. Highway 67 with service at all intermediate points, and the statement of applicant that duplicate operating rights are not sought, no consideration will be given to a grant of authority over said route."* (Our emphasis.)

Moreover, in the Commission's order in question there is set out some of the evidence considered in granting appellant additional authority. The Commission said: "The representative of a machine products company in Jacksonville [this is between Hoxie and Little Rock] testified he has 21 competitors in St. Louis that get overnight service to Jonesboro. He recently lost a $4,000 job due to inability to guarantee overnight delivery from Jacksonville to Jonesboro. Outbound shipments amount to about 2,000 pounds. The witness is not presently offered *single line service which he considers essential to points in Arkansas where his customers are located.* [Our emphasis.]

"A manufacturer of shoe lasts located at Walnut Ridge also receives lasts from Jonesboro and Harrisburg to be repaired and returned. Its outbound daily volume amounts to between 2 and 4,000 pounds for Jonesboro, Paragould, Searcy, Harrisburg, Conway, and Russellville. Presently he is getting better delivery service to St. Louis, Missouri, than to Harrisburg, Arkansas. *He requires overnight service and prefers single line service for speed of delivery and reduction of damage to merchandise."* (Our emphasis.)

The effect of the Commission's order and denial of the motion to prohibit tacking is that tacking is permitted, and we should not lightly regard the findings of the Commission. This Court in *Wisinger* v. *Stewart,* 215 Ark.

827, 223 S. W. 2d 604, quoted as follows from *Arkansas Express, Inc.* v. *Columbia Motor Transport Co.*, 212 Ark. 1, 205 S. W. 2d 716: " . . . it must be remembered that we are dealing with the finding of a tribunal erected by the Legislature for the special purpose of investigating and determining matters of the nature here involved; and the finding of such a tribunal on a fact situation may not be upset by the courts unless the finding is clearly against the weight of the testimony."

Appellees cite a long list of cases from other states holding that the authority to tack must be based on convenience and necessity of the public, the same as any other authority is granted the carrier, and that the burden is on the applicant carrier to show such convenience and necessity. Appellant cites federal cases holding that the burden is on the one opposing the tacking to show that it should not be allowed. Our statutes do not specifically cover the point, *nor* has this Court had occasion to rule on that issue, and we do not reach it now, because by overruling the petition to prohibit tacking the Commission has specifically passed on the question of whether tacking in this case should be allowed and we cannot say that the finding of the Commission in that respect is contrary to the weight of the evidence. It follows, therefore, that the Circuit Court erred in overruling the Commission.

Reversed.

HARRIS, C. J., and McFADDIN and WARD, J.J., dissent.

CARLETON HARRIS, Chief Justice (dissenting). By combining certificates already held, and joining routes at the common point of Hoxie, appellant is enabled to render direct service to Little Rock, Pine Bluff, Searcy, Hot Springs, and numerous other points.

The great weight of state court decisions is to the effect that a motor carrier may not tack or combine certificates having a common point, so as to render a through service, unless there is proof that public convenience and necessity require the through service, and unless the regulatory commission finds that the public

need does require the service. Appellee cites cases from Michigan, Wyoming, Kentucky, Oklahoma, Ohio, New York, Florida, and Pennsylvania, wherein the courts held as above stated. In fact, I find no state decision that holds to the contrary.

I do not consider the proof sufficient to establish that public necessity and convenience require additional service. Five or six witnesses (representing concerns at Jonesboro, Walnut Ridge, Corning, Harrisburg, and Jacksonville) testified to a need for service, but I find no testimony that indicates any need for added service between Jonesboro and Little Rock, Pine Bluff, Stuttgart, Hot Springs, Malvern, Arkadelphia, Searcy, and other points, which Superior can now serve. Several witnesses testified as to the adequacy of the present service that is being rendered by other companies, and, to me, the absence of any testimony for the need of additional service from some of the larger cities mentioned, is rather conspicuous.

In fact, in turning down appellants application for a permit to operate between Jonesboro and Little Rock, Jonesboro and Stuttgart, and other routes applied for, the commission, after summarizing the present service offered by protesting carriers, found as follows:

"As seen, it appears that protesting carriers are offering adequate service between points on the routes applied for, with the exception of the route between Hoxie-Walnut Ridge, Jonesboro and Harrisburg."

This finding necessarily included service between the cities mentioned in the first and third paragraphs, and I therefore, am of the opinion that the commission should have prohibited Superior from "tacking."

It should also be borne in mind that even if there had been proof of the need of additional service, under our decisions, existing carriers must be afforded an opportunity to improve their service, and fail to make such improvement, before a new carrier may be certificated. *Fisher* v. *Jonesboro Transfer Co.,* 234 Ark. 40, 350 S. W. 2d 516; *Mo. Pac. R. R. Co.* v. *Williams,* 201 Ark. 895, 148

S. W. 2d 644; *Taylor* v. *Black Motor Lines, Inc.,* 204 Ark. 1, 160 S. W. 2d 859; *Arkansas-Best Freight System, Inc.* v. *Missouri Pacific Freight Transport, Inc.,* May 29, 1961; *Potashnick* v. *Fikes,* 204 Ark. 924, 965 S. W. 2d 615; *Santee* v. *Brady,* 209 Ark. 224, 189 S. W. 2d 907. This, of course, has not been done in the present case.

The majority states.

''Appellees cite a long list of cases from other states holding that the authority to tack must be based on convenience and necessity of the public, the same as any other authority is granted the carrier, and that the burden is on the applicant carrier to show such convenience and necessity. Appellant cites federal cases holding that the burden is on the one opposing the tacking to show that it should not be allowed. Our statutes do not specifically cover the point, *nor has this Court had occasion to rule on that issue, and we do not reach it now,*[1] because by overruling the petition to prohibit tacking the Commission has specifically passed on the question of whether tacking in this case should be allowed and we cannot say that the finding of the Commission in that respect is contrary to the weight of the evidence.''

I do not quite understand the italicized language for it definitely appears to me, that in permitting appellant the privilege of tacking, the majority is holding that the applicant carrier does not have to show public convenience and necessity. This is, as heretofore pointed out, contrary to every state decision that I have found, and I believe this to be the first state court holding to this effect. Inasmuch as Superior's operations in this litigation are of an *intrastate* nature, it would appear that decisions from sister states should be persuasive, rather than decisions in federal cases involving *interstate* commerce. However, as I interpret the quoted statement of the majority, it likewise is not placing on the protesting carriers the burden of showing that tacking should not be allowed. I am unable to comprehend how this case can be determined without that issue being passed upon.

---

[1] Emphasis supplied.

Actually, it seems to me that the majority is passing on the question, and is taking the federal view, but even so, I feel that the testimony introduced by protestants established that the additional service is not necessary, and my thoughts in this connection are substantiated by the finding of the commission itself (heretofore quoted) that the present carriers are offering adequate service.

For the reasons herein stated, I respectfully dissent.

I am authorized to state that Justices McFADDIN and WARD join in this dissent.