No. 80-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

CATERPILLAR TRACTOR COMPANY,
Inc., a Corporation,

                    Petitioner and Respondent,

        vs.

THE DEPARTMENT OF REVENUE OF THE
STATE OF MONTANA,

                    Respondent and Appellant.

---

Appeal from:  District Court of the First Judicial District,
              In and for the County of Lewis and Clark.
              Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

        For Appellant:

            Terry B. Cosgrove, Special Assistant Attorney General,
            argued, Helena, Montana

        For Respondent:

            Hughes, Bennett, Kellner & Sullivan, Helena, Montana
            George T. Bennett argued, ~~Great Falls~~, Montana
            Helena,

---

                    Submitted:  June 17, 1981
                      Decided:  AUG 6 - 1981

Filed:  AUG 6 - 1981

_Thomas J. Kearney_
                          Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a declaratory judgment of the District Court of the First Judicial District, County of Lewis and Clark, determining that the two-year statute of limitations in section 27-2-211, MCA, applied to the assessment of corporate license tax for corporations which failed to file a return.

Caterpillar Tractor Co., Inc., respondent, appealed to the State Tax Appeal Board (STAB) from a determination made by the Montana Department of Revenue, appellant, in December 1978, that respondent had been doing business in Montana for tax purposes for the years 1959 through 1971. Respondent alleged that appellant did not have statutory authority to assess any delinquent tax for a portion of the years under audit because such action would be barred by the applicable statute of limitations.

While the matter was pending before STAB, the parties jointly petitioned the District Court for an interlocutory adjudication of the applicable statute of limitations. The District Court accepted jurisdiction for the purpose of determining that single legal issue. The court, in an original memorandum and supplemental memorandum amending opinion, held that the two-year statute of limitations contained in section 27-2-211, MCA, applies and controls the assessment of any corporation license tax. The result of that finding prohibits the assessment of any additional tax by appellant. From this judgment the Department of Revenue appeals.

Respondent, an Illinois corporation, had business activities in Montana for the years 1959 through 1971.

Appellant alleges the business activities consisted of selling equipment through independent dealers operating in Montana. Respondent contends it was not engaged in business for the years in question within the meaning of the Montana Corporation License Tax Act and, therefore, was not subject to the tax. In December 1978, appellant notified respondent that it had determined that it was doing business for tax purposes in Montana for the years in question and demanded that respondent file corporation license tax returns together with tax and interest due for the corporation's calendar years December 31, 1959, through December 31, 1971.

Respondent appealed that determination to STAB and later to the District Court by the interlocutory adjudication. The District Court held that appellant is limited to a period of two years to assess or collect any tax against a taxpayer who has failed to file a return and is limited to a period of five years to collect a tax deficiency assessment from any corporation which has filed a return.

The following chronology of statutory enactments, amendments, repeals and revivals, and Supreme Court decisions is necessary to determine this case. Not all of these statutes are codified in the Montana Code Annotated; therefore, use of Revised Codes of Montana citations is necessary.

The Montana Corporation License Tax Act (the Act) was adopted in 1917. Section 5, Chapter 79, Laws of 1917, codified as section 2300, R.C.M. 1921, was the sole provision which allowed the state to assess additional tax. It provided:

"In cases of refusal or neglect to make such return, and in cases of erroneous, false, or fraudulent returns, the state treasurer shall, upon the discovery thereof at any time within three years after said return is due, make a return upon information obtained as provided for in this act, and the assessment made by him shall be paid by such corporation immediately upon notification of the amount of such assessment . . ."

That portion of the Act was amended five times between 1917 and 1963:

In 1923 the corporation tax statute was amended in Section 2, Chapter 146, Laws of 1923, to substitute the State Board of Equalization in all instances where reference had been made to the state treasurer.

In 1933 a separate and different statute was enacted which granted to the Board of Equalization the authority at any time to assert deficiency assessment of tax where no return was filed:

"In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in Court for the collection of such tax may be begun without assessment at any time." Section 9, Chapter 166, Laws of 1933, codified as section 2303.5, R.C.M. 1935.

In 1945 the period for assessing the additional tax was changed from three to five years along with some other unrelated amendments, Chapter 209, Laws of 1945, codified as section 84-1505, R.C.M. 1947:

"Assessment of Tax--Payment-Lien of Tax. All assessments shall be made by the state board of equalization, and the several corporations shall be notified of the amounts for which they are respectively liable, on or before the first day of June of each successive year. Payment of the tax assessed shall be made by corporations reporting on a calendar year basis, on or before the fifteenth day of June following the assessment of the tax. Payment of said tax shall be made by corporations operating on a fiscal year basis

on or before the fifteenth day of the sixth
month following the close of said
corporation's fiscal year. In cases of
refusal or neglect to make such return, and
in cases of erroneous, false, or fraudulent
returns, the state board of equalization
shall, upon the discovery thereof at any time
within five (5) years after said return is
due, make a return upon information obtained
as provided for in this act, and the
assessment made by the state board of
equalization shall be paid by such
corporation immediately upon notification of
the amount of such assessment . . ."

In 1960 this Court, in State v. King Colony Ranch
(1960), 137 Mont. 145, 350 P.2d 841, held that the 1945
statute, section 84-1505, superseded the 1933 enactment,
section 84-1513, in determining which time limitation the
state board would use in assessing taxes. This Court did
not expressly mention that the 1933 statute was "repealed by
implication" or any other legal rationale on that point.
Not addressing the particulars of repeal, the Court said the
1945 enactment was later and, therefore, the later statute
applied.

At the next legislative session, the 37th Legislative
Assembly in Chapter 102, Laws of 1961, reenacted section
84-1505, R.C.M. 1947, which placed a five-year limitation
upon the Board's authority to assess deficiencies in all
instances and repealed all acts or parts of acts in conflict
therewith:

"(1) Assessment of tax--payment--lien of tax.
All assessments shall be made by the state
board of equalization, and the several
corporations shall be notified of the amounts
for which they are respectively liable, on or
before the first day of June of each
successive year. Payment of the tax
assessed shall be made by corporations
reporting on a calendar year basis, on or
before the fifteenth day of June following
the assessment of the tax. Payment of said
tax shall be made by corporations operating
on a fiscal year basis on or before the

fifteenth day of the sixth month following the close of said corporations's fiscal year. In cases of refusal or neglect to make such return, and in cases of erroneous, false, or fraudulent returns, the state board of equalization shall, upon the discovery thereof at any time within five (5) years after said return is due, make a return upon information obtained as provided for in this act, and the assessment made by the state board of equalization shall be paid by such corporation immediately upon notification of the amount of such assessment . . ."

In 1963 the 38th Legislative Assembly, by Chapter 186, Laws of 1963, substantially revised the Corporation License Tax Act and made the corporation license tax self-assessing. The taxpayer was required to assess the tax in the first instance, whereas previously the state board had determined the tax in the first instance based upon returns. Among the changes made by the 1963 Legislature was the revision of section 84-1505, R.C.M. 1947, providing that no longer did the Department have the authority to make deficiency assessments. In addition, Section 2, Chapter 186, Laws of 1963, codified as section 84-1508.2, R.C.M. 1947, provided that all deficiency assessments for corporation license tax purposes were required to be made within five years from the date the return was filed "except as otherwise provided in section 84-1513," R.C.M. 1947. The partial text provided:

"(1) Except as otherwise provided in section 84-1513, no deficiency shall be assessed or collected with respect to the year for which a return is filed unless the notice of additional tax proposed to be assessed is mailed within five (5) years from the date the return was filed."

The issue presented here is whether the 1963 Legislature, in adopting Chapter 186, Laws of 1963, intended to place a comprehensive five-year statute of limitations on

the Department's initiation of deficiency actions or whether it intended to impose a five-year limit only on those cases where a return had been filed and to place no limit on cases where there had been no filing at all.

Appellant argues that the amendment to section 84-1505 adopted as part of the Laws of 1945 did not impliedly repeal section 84-1513; and, therefore, section 84-1513 was in full force and effect when the 1963 Legislature adopted that section by reference. Appellant argues that the original 1917 Act was amended by the 1933 Act and, therefore, the 1945 amendment to the original 1917 Act did not repeal the intermediate 1933 Act or restore the repealed and superseded provisions of the 1917 Act. Any attempt to restore the 1917 Act by the 1945 Act was error.

Appellant further argues that this Court erred in its decision in State v. King Colony Ranch, supra, and the opinion should be reversed. The 1933 Act impliedly repealed the 1917 Act, and the attempt to amend the original (1917) Act by the 1945 amendment was contrary to the law because of the intermediate 1933 Act.

Appellant argues that section 84-1513 was adopted by reference by the enactment in 1963 of section 84-1508.2. Appellant contends that section 84-1513 (a repealed act) may be reenacted by reference. Appellant argues that Great Western Sugar Co. v. Mitchell (1946), 119 Mont. 328, 174 P.2d 817, allows the legislature to adopt by reference a repealed act if there is a showing of clear legislative intent. The legislature did not specifically express the intent to revive because, appellant points out, of the confusion of the King Colony Ranch case. According to

appellant, the "intent" was "obvious"--to have one statute for corporations which file and one for corporations which do not file.

Prior to 1963, under the provisions of the former section 84-1505, the Department had to act within five years from the date the return was due to collect a deficiency. The 1963 amendment made a significant change providing for five years from the date the return was filed to collect a deficiency. Appellant contends from 1963 forward, the statute of limitations will not begin to run until a taxpayer actually files a tax return. The period begins to run only when the taxpayer takes the affirmative act of filing the return.

There was only one statute dealing with deficiency assessments in 1963, section 84-1508.2, R.C.M. 1947, and it applies to all corporations. The statute provides for five years from the time the return is filed for all corporations, and until the return is actually filed, the period does not begin to run.

Respondent argues that this Court, in State v. King Colony Ranch, supra, held that by later enacting section 84-1505 in 1945, the legislature had limited the Department of Revenue in all instances including the nonfiling situation to a five-year period for assessment. Section 84-1505 controlled, and section 84-1513 was not an effective and viable provision upon which the Department could rely. This, respondent contends, is clearly a holding of repeal by implication. The holding in King Colony Ranch could be based only upon a finding and holding that the later enactment was so inconsistent as to impliedly repeal the

first.

Respondent also argues that the District Court correctly held that section 84-1513 was not revived or reenacted by reference. Appellant's position is that mere reference reenacted the repealed section 84-1513. However, respondent argues there is a distinct difference between "incorporation by reference" and "revival by reference." What the Montana legislature did in 1963 was to assume (incorrectly) that section 84-1513 was still a valid and existing provision and could thus be incorporated by reference. This is far different from the legislature expressing an intent to reenact a provision, by reference, which it knew had been repealed.

There were in the 1963 Act no express words and no language of revival or reenactment. It seems clear that the 1963 legislators were oblivious to the fact that this Court had concluded that the 1933 Act had been repealed or superseded by the 1945 Act and believed they could incorporate that Act by reference. There was no visible attempt and, in all probability, no intention to revive the 1933 Act because the question apparently never arose.

Finally, respondent contends the District Court was correct in holding that section 84-1508.2 has no application where a return is filed. Thus, this case is controlled by the general statute of limitations, section 27-2-211, MCA.

Appellant's argument that prior to 1963 it had five years in which to assess in this case the nonfiling return and that the 1963 amendment removed that limitation would bring into play the general statute of limitations.

Section 25-1-102, MCA (formerly section 93-2401,

-9-

R.C.M. 1947), provides that civil actions must be commenced within the periods prescribed in the statutes of limitations after the cause of action shall have accrued except where in special cases a different limitation is prescribed by statute. This same section describes the term "action" as including "a special proceeding of a civil nature." The action of appellant in asserting liability against a taxpayer by way of deficiency assessment constitutes "a special proceeding of a civil nature."

Section 27-2-211(c), MCA, provides a two-year statute of limitations for "a liability created by statute other than a penalty or forfeiture."

Section 27-2-103, MCA (formerly section 93-2615, R.C.M. 1947), provides that the statutes of limitations are applicable to the State of Montana. Respondent contends the Montana corporation license tax is a liability imposed by statute and, in the absence of a special grant of authority pursuant to section 25-1-102, MCA, to the State of Montana granting a longer period of limitation, the generic statute of limitations, which is two years, would apply.

Two cases of this Court control our decision in this case: State v. King Colony Ranch (1960), 137 Mont. 145, 350 P.2d 841, and Great Western Sugar Co. v. Mitchell (1946), 119 Mont. 328, 174 P.2d 817. In Great Western Sugar Co. this Court considered a corporation license fee, paid under protest by the sugar company. The company filed its papers of incorporation with the Secretary of State in 1916 and paid a fee for filing thereof as prescribed by Section 1, Chapter 37, Laws of 1915. The fee under the 1915 Act was based on the proportion of the foreign corporation's capital

stock represented by its property and business in this state. In 1923 the legislature enacted Chapter 132. Section 4 of that Act doubled the fee and repealed all conflicting acts. This Act was reenacted by a statute passed by the 1925 Legislature to provide that the fee was to be calculated on the "authorized capital stock" instead of on the "issued capital stock." This Court found that the Act, in basing the fee upon authorized capital stock, a large portion of which remained unissued, offended both the commerce and due process clauses of the United States Constitution and was invalid.

The Court further found that where the legislature in enacting a new statute to take the place of the former one, related to a given subject, intended to continue the policy theretofore pursued, where the new Act would supplant the former one only in case the new Act should become operative, and where such new Act is declared unconstitutional, the repealing clause therein contained falls with it. The new Act must be deemed as though never enacted, and the one sought to be repealed remains in full force and effect, citing Chicago, M., St. P. & P. R. Co. v. Harmon (1931), 89 Mont. 1, 295 P. 762, 764.

Great Western Sugar Co. went on to hold that the legislature could adopt a statute by reference. Gustafson v. Hammond Irrigation Dist. (1930), 87 Mont. 217, 287 P. 640. Considering whether the legislature could adopt a repealed act, a question which was not before the Court, it said: "If we assume that this may be done (see 59 C.J. 618), before it may be accomplished there must be a clear legislative intent to do so. (50 Am.Jur. 574 n. 12) There

-11-

is no language in Chapter 169 [Laws of 1931] that indicates any such legislative intent." Great Western Sugar Co., 174 P.2d at 821.

Appellant incorrectly relies on Great Western Sugar Co. for the proposition that a repealed statute may be revived by reference. That case, as noted above, did not decide that issue, as it was not before the Court. It held that, if it could be done, there had to be a clear legislative intent to do so. While appellant argues that there was a clear legislative intent to revive section 84-1513, R.C.M., 1947, we hold that because of no such expression in the Act section 84-1513 was not revived.

The next case for consideration is State v. King Colony Ranch, supra, decided in 1960, which brought about the legislative enactment of Chapter 186, Laws of 1963. That case called for this Court to interpret what the legislature had done in 1933 and 1945. This Court held with respect to all taxpayers that the Department of Revenue had five years from the due date of the return, in which to assert a deficiency judgment.

This was the state of the law when the 1963 legislature enacted Chapter 186, Laws of 1963, seemingly in total ignorance of the state of the law it had created by its 1933 and 1945 enactments. The District Court comments in its memorandum:

> "There were in the 1963 Act no express words and no language of revival or reenactment. It seems perfectly clear that the 1963 legislators were oblivious to the fact our Supreme Court had concluded that the 1933 Act had been repealed or superseded by the 1945 Act and believed they could incorporate that Act by reference. There was no visible attempt and, in all probability, no intention to revive the 1933 Act because the question

-12-

apparently never arose."

In view of the fact there is no express intent that the legislature intended to reverse or reenact the statute in the 1963 Act, we hold the exception therein set forth is unenforceable. State v. King Colony Ranch, supra. We further hold that section 27-2-211, MCA, the general statute of limitations on a liability created by statute, is the controlling statute in this case and that appellant cannot enforce the tax statute anytime thereafter.

The judgment is affirmed.

_____
                                Justice

We concur:

_____
          Chief Justice

_____

_____

_____
          Justices